UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KAREN MAY,

Defendant.

Criminal Action No. 18-079 (TFH)

## MEMORANDUM OPINION

Defendant Karen May filed an unopposed motion to compel disclosure of the United States Probation Office's sentencing recommendation. [ECF No. 13]. Defendant argued that allowing the Probation Office to submit its sentencing recommendation to the Court without disclosing it to the parties "risks the Court considering undisclosed or unreliable information, arguments, or insinuation." Mot. at 3. She also contended that, because some judges in this district permit such disclosures, the Court risked creating an "unwarranted disparity in sentencing procedure" if it denied her motion. *Id.* at 4. The Court denied the motion from the bench during defendant's sentencing hearing on August 6, 2018. The Court provides the following, brief opinion to accompany that denial.

Probation officers are employees of the federal judiciary that provide a variety of services to the Court. 18 U.S.C. § 3602(a). When they compile presentence investigation reports ("PSRs") and make sentencing recommendations, they act as an "arm of the sentencing judge." *Turner v. Barry*, 856 F.2d 1539, 1540 (D.C. Cir. 1988) (internal quotations omitted). In this district, probation officers disclose in the PSRs all the facts they rely on in their sentencing recommendations. Their sentencing recommendations to the Court are "a matter of judgment,

1

rather than fact." *United States v. Laughlin*, 942 F. Supp. 2d 859, 861 (C.D. Ill. 2013) (quoting a statement of Judge Gerald Tjoflat before the Senate Judiciary Committee in 1981) (internal quotations omitted).

The probation officer's sentencing recommendation in this case included only the facts that she disclosed to the parties in the PSR. The parties had adequate time to review and object to inaccuracies in the draft PSR, and defendant's objections were resolved in the final report. Final Presentence Investigation Report at 27 [ECF No. 10]. At the sentencing hearing, defendant confirmed that she had no further objections to the PSR. As a result, defendant's concerns over the Court's reliance on undisclosed or unreliable information are unfounded. *See, e.g., United States v. Peterson*, 711 F.3d 770, 778 (7th Cir. 2013) ("[W]e have held that if all facts on which the probation officer's recommendation is based appear in the PSR, the district court's consideration of the recommendation at sentencing does not violate due process") (citing *United States v. Heilprin*, 910 F.2d 471, 474 (7th Cir. 1990)); *United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006) ("reject[ing] [defendant's] argument that the district court must disclose the probation officer's confidential analysis and opinions" so long as all factual information underlying the recommendation was disclosed).

Judges in this district do approach the release of sentencing recommendations in different ways. *Compare* Standing Order for Criminal Cases at 4, *United States v. Stephens*, 17-cr-243 (D.D.C. Apr. 25, 2018) (Howell, J.) (permitting the disclosure of sentencing recommendations in all cases) *with* Order at 2, *United States v. Welch*, 16-cr-232 (D.D.C. June 6, 2017) (Brown Jackson, J.) (permitting only the oral disclosure of a recommendation). This Court has a general policy of not allowing the disclosure of sentencing recommendations. One rationale for that policy stems from the Court's interactions with the Probation Office. Before each sentencing

2

hearing, the Court meets with the probation officer assigned to the case to discuss his or her sentencing recommendation and ask relevant questions, akin to the Court's meetings with its law clerks in preparation for hearings. If probation officers' written recommendations are shared with the parties, should discussions in chambers about those recommendations be made on the record and shared as well? This level of disclosure would inhibit the Court's efforts to arrive at an appropriate sentence through open deliberation with judiciary employees.

The disclosure of sentencing recommendations would also detract focus from the Court's justification for a defendant's sentence. Disclosure "may place the court in the position of not only explaining on the record the reasons for imposing a particular sentence, but, also the reasons for imposing a sentence other than that recommend by the probation officer." *Laughlin*, 942 F. Supp. 2d at 861 (quoting Judge Gerald Tjoflat) (internal quotations omitted). Any gap between the sentence that the Court imposes and the probation officer's recommendation risks unnecessary, post-sentencing litigation over whether a judge adhered to the recommendations of other judiciary employees. *Id.* at n.2 (citing two examples).

During defendant's sentencing hearing, the Court provided the parties with its rationale for her sentence—a downward variance from the Sentencing Guidelines—in light of their sentencing memoranda, the Sentencing Guidelines and the appropriate factors under 18 U.S.C. § 3553, including defendant's personal history and background. The parties need only look to that rationale to understand the Court's basis for defendant's sentence.

August 9, 2018

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE